**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA DELANCE,

                    Plaintiff,

    vs.

UNION HOME MORTGAGE CORP., *et al.*,

                    Defendants.

Case No.: 2:26-cv-00177-GMN-EJY

**ORDER GRANTING
MOTIONS TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 14), filed by Defendant Union Home Mortgage Corp. ("UHM"). Plaintiff Dakota Delance filed a Response, (ECF No. 17), to which UHM filed a Reply, (ECF No. 18). Further pending before the Court is the Motion to Dismiss, (ECF No. 23), filed by Defendants SN Servicing Corporation and U.S. Bank Trust, N.A. ("U.S. Bank") (collectively the "Servicing Defendants"). Plaintiff filed a Response, (ECF No. 26), to which the Servicing Defendants replied, (ECF No. 29). Lastly, pending before the Court is the Motion for Temporary Restraining Order, (ECF No. 30), filed by Plaintiff. The Servicing Defendants filed a Response, (ECF No. 33), to which Plaintiff replied, (ECF No. 34).

Because Plaintiff's claims fail as a matter of law, the Court GRANTS Defendants' Motions to Dismiss.[1]

I. **BACKGROUND**

This action arises from Defendants' involvement in Plaintiff's foreclosure proceedings. (*See generally* First Am. Compl. ("FAC"), ECF No. 6). Plaintiff purchased a vacant piece of

---

[1] Because Plaintiff fails to demonstrate he is likely to succeed on his claims against Defendants, his Motion for Temporary Restarting Order, (ECF No. 30), is DENIED. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

real property commonly known as 4701 E. Savoy Blvd., Pahrump, NV 89061, Assessor's Parcel Number 045-293-10 (the "Property"). (*Id.* ¶ 1). UHM gave Plaintiff a loan to build a home on this vacant parcel of land. (*Id.* ¶ 12). After the home was built, a Construction Conversion Modification Agreement was recorded on the Property to convert the terms of the Note and Deed of Trust to reflect the completion of the construction and a new loan was secured ("the Loan"). (*Id.* ¶ 15). U.S. Bank owns the Loan. (*Id.* ¶ 65).

A few years after the home was built, Plaintiff and his family began to suffer difficult financial circumstances and entered into a forbearance plan with UHM for the Loan. (*Id.* ¶¶ 20–21). Plaintiff alleges that UHM later offered Plaintiff a loan modification agreement and told him that in order to qualify for the agreement, Plaintiff must make three trial payments. (*Id.* ¶¶ 22–23). Plaintiff timely made all three trial payments by December 2024. (*Id.* ¶ 24).

That same month, Plaintiff began speaking with UHM about a loan modification. (*Id.* ¶ 25). UHM informed Plaintiff that he qualified for a loan modification and would send a loan modification agreement to Plaintiff. (*Id.* ¶ 26). Weeks went by and Plaintiff did not receive a loan modification agreement. (*Id.* ¶ 28). UHM eventually contacted Plaintiff to advise, in writing, that the servicing of the Loan was being transferred, and that the new servicer would honor the modification and get the modification documents prepared. (*Id.* ¶ 29). UHM later explained that the new servicer would not be sending the modification documents after all, and instead UHM would send them. (*Id.* ¶ 34). UHM then sent the loan modification agreement to Plaintiff for execution. (*Id.* ¶ 42). Plaintiff contacted UHM with questions about the agreement and ultimately did not finalize the agreement. (*Id.* ¶ 72). SN Servicing then became the servicer of the Loan and denied that the loan modification existed. (*Id.* ¶ 52). In late 2025, SN Servicing recorded a Notice of Default to begin foreclosure proceedings on the Property.

Plaintiff brings the instant action alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and injunctive relief against all Defendants. Plaintiff

further alleges claims for negligent misrepresentation and promissory estoppel against UHM. Finally, Plaintiff alleges claims for quiet title and declaratory relief against SN Servicing and U.S. Bank.

## II.    **LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  **DISCUSSION**

Defendants move to dismiss the FAC under FRCP 8, 9(b), 12(b)(6) and 12(b)(7). Because Defendants' arguments under FRCP 12(b)(6) are dispositive for the reasons explained below, the Court need only address this ground for dismissal.  The Court takes up each claim in turn.

### A.  Breach of Contract

A claim for breach of contract begins with an allegation that an enforceable contract exists. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000), *overruled on other grounds by Hi-Tech Aggregate, LLC v. Pavestone, LLC*, 555 P.3d 1184 (Nev. 2024).  Under Nevada law, an enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  To allege a breach of contract, a plaintiff must allege: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013).

Plaintiff alleges that he and Defendants entered into a binding and enforceable contract as follows: once Plaintiff made three trial payments, he would be given a loan modification in December 2024. (FAC ¶ 68).  Plaintiff states that he performed all of his obligations to receive a December 2024 modification, yet the loan modification was never finalized and "no enforceable agreement evidences the modification Plaintiff was to receive in December 2024." (*Id.* ¶¶ 72, 76).  Plaintiff ultimately contends that an implied-in-fact contract exists, which Defendants allegedly breached by failing to enter into a modification with Plaintiff despite agreeing to do so and despite Plaintiff performing his end of the bargain. (*Id.* ¶ 76).

The Court must first determine whether a valid contract exists.  UHM contends that Plaintiff's allegations fail to plead that a contract existed. (UHM Mot. Dismiss 9:20–22, ECF No. 14).  Significantly, Plaintiff fails to respond to UHM's argument that a contract does not

exist and focuses solely on his theory of breach.  This failure alone justifies the granting of UHM's Motion to Dismiss. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").  Notwithstanding this deficiency, the Court agrees with UHM that the FAC fails to allege the existence of a valid contract.  The FAC provides that "in late summer 2024 or fall 2024, UHM offered Plaintiff a loan modification agreement." (FAC ¶ 22).  But "[i]n order to *qualify* for the modification, UHM instruct[ed] Plaintiff to make three trial payments." (*Id.* ¶ 23).  Plaintiff made the three trial payments and in December 2024 began speaking with a UHM employee regarding a loan modification. (*Id.* ¶ 25).  In March 2025, UHM sent the modification agreement to Plaintiff. (*Id.* ¶ 42).  The loan modification was not finalized. (*Id.* ¶ 72).

The facts alleged demonstrate that Plaintiff's payments under the trial period plan were made solely to establish his eligibility for a potential loan modification—not to form a contract.  Plaintiff's own allegations confirm that the trial payments he made did not constitute acceptance of a binding loan-modification offer.  In fact, Plaintiff never accepted the loan modification offer after it was sent in March 2025 and concedes that it was not finalized. (*Id.* ¶ 72).  Plaintiff therefore fails to plead the existence of a valid contract between himself and UHM.  Because Plaintiff fails to plead that a valid contract exists, his breach of contract claim against Defendants fails as a matter of law.[2] *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013).  Because the Court finds that amendment would be futile, Plaintiff's breach of contract claim against Defendants is dismissed with prejudice.  Thus, Defendants' Motions to Dismiss this claim are GRANTED.

---

[2] Plaintiff argues that the Servicing Defendants are bound by the alleged contract between Plaintiff and UHM as a successor servicer or lender of the loan. (Resp. to Servicing Defts. 6:10–11, ECF No. 26).  Because Plaintiff fails to plead the existence of a valid contract between himself and UHM, there is no contract for U.S. Bank and SN Servicing to be bound to.

## B. Breach of the Covenant of Good Faith and Fair Dealing

A covenant of good faith and fair dealing is implied in all Nevada contracts. *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). To establish a claim for contractual breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) the existence of a contract between the parties; (2) that defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Because Plaintiff fails to plead the existence of a contract between the parties, his claim for breach of the covenant of good faith and fair dealing fails as a matter of law and is dismissed with prejudice.[3] Defendants' Motions to Dismiss this claim are therefore GRANTED.

## C. Negligent Misrepresentation

To state a claim for negligent misrepresentation in Nevada, a plaintiff must allege that the defendant (1) "in the course of [its] business, profession or employment, or in any other action in which [it] has a pecuniary interest, [(2)] supplie[d] false information [(3)] for the guidance of others in their business transactions" and (4) caused pecuniary loss (5) by the

---

[3] Plaintiff appears to advance a claim for tortious breach of the implied covenant of good faith and fair dealing in response to UHM, (Resp. to UHM 6:14–22, ECF No. 17), but his FAC is not pled as such, (FAC ¶ 81 ("Defendants have breached the implied covenant of good faith and fair dealing by failing to perform its *contractual obligations* to Plaintiff by following through with a modification of the Loan after Plaintiff qualified for such."). It is impermissible for Plaintiff to amend his pleading through subsequent briefing. *See, e.g., Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd,* No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, a claim for tortious breach of the implied covenant of good faith and fair dealing would fail as a matter of law here. This claim cannot be maintained absent a special relationship between the parties. *A.C. Shaw Const., Inc. v. Washoe Cnty.*, 784 P.2d 9, 10 (Nev. 1989). Courts in Nevada do not recognize this type of special relationship in the residential mortgage context. *Ramanathan v. Saxon Mortg. Servs., Inc.*, No. 2:10-CV-02061-KJD, 2011 WL 6751373, at *5 (D. Nev. Dec. 21, 2011) ("Nevada does not recognize special relationships between the servicer of a loan and the borrower"); *see also Cascade Invs., Inc. v. Bank of Am., N.A., S.A.*, No. CV-N-99-559-ECR(RAM), 2000 WL 1842945, at *3 (D. Nev. Sept. 29, 2000) (no special relationship between a debtor-creditor or a bank and its loan customers).

plaintiff's "justifiable reliance upon the information," (6) if defendant "fail[ed] to exercise reasonable care or competence in obtaining or communicating the information." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). Courts in the Ninth Circuit have held that claims for negligent misrepresentation must meet FRCP 9(b)'s particularity requirements. *Nevada Rest. Servs., Inc. v. Factory Mut. Ins. Co.*, No. 2:22-cv-01104-RFB-VCF, 2023 WL 2572301, at \*3 (D. Nev. Mar. 20, 2023) (collecting cases).

Plaintiff alleges that UHM "made multiple false representations to Plaintiff regarding the modification" that he was to receive, that Plaintiff relied upon those representations that he would be given a loan modification, that those representations were false, and that Plaintiff suffered damages. (FAC at ¶¶ 86–94).

UHM argues that this claim fails because the alleged false statements "constitute a promise of future performance" citing *Cundiff v. Dollar Loan Ctr. LLC*, 726 F. Supp. 2d 1232, 1238 (D. Nev. 2010). (UHM Mot. Dismiss 13:16–17). In *Cundiff*, the court acknowledged that "Nevada has not addressed whether a misrepresentation as to future performance can be negligent" and concluded that "Nevada would hold that a misrepresentation as to future performance cannot be negligent because such a statement is either fraudulent, i.e., the person never held that intention at the time he made the statement, or it was not a misrepresentation at all, the person simply later failed to perform as promised." 726 F. Supp. 2d at 1238. Several courts in this district have since followed that prediction. *See Edry v. Hometown Equity Mortg., LLC*, No. 2:22-CV-00804-MMD-VCF, 2023 WL 3250830, at \*5 (D. Nev. Jan. 31, 2023) (collecting cases). The Court is persuaded by those cases and finds that Plaintiff's claim fails as a matter of law because it is based on a promise of future performance. The Court finds that amendment would be futile here and dismisses this claim with prejudice. UHM's Motion to Dismiss this claim is therefore GRANTED.

**D. Promissory Estoppel**

"To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; [and] (4) he must have relied to his detriment on the conduct of the party to be estopped." *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984). Plaintiff asserts his promissory estoppel claim as an alternative to a breach of contract claim, on the grounds that UHM promised Plaintiff a modification, took actions to deliver on that promise, but ultimately failed to perform. (FAC ¶¶ 96–101); (Resp. to UHM at 8:8–10, ECF No. 17).

Plaintiff alleges that "since December 2024 UHM has promised Plaintiff a modification would be provided to him." (FAC ¶ 96). Plaintiff further contends that "UHM [] induced Plaintiff to enter into a modification and yet refuses to provide him with a modification." (*Id.* ¶ 97). Finally, Plaintiff alleges that after UHM released the servicing of the Loan to SN Servicing, SN Servicing and/or U.S. Bank now assert that a modification does not exist and are attempting to foreclose on the Property. (*Id.* ¶ 101).

UHM argues that this claim fails because "a failed negotiation is not a basis for promissory estoppel" citing *Lalli v. Bank of Am., N.A.*, No. 2:12-CV-1221 JCM PAL, 2014 WL 334810, at *3 (D. Nev. Jan. 29, 2014). (UHM Mot. Dismiss 15:23–24). In *Lalli*, the plaintiffs were offered a trial loan modification and asserted that they detrimentally relied on the belief they would receive a permanent loan modification. *Id.* The defendants then offered plaintiffs a permanent loan modification after the conclusion of the trial period. *Id.* However, the plaintiffs asserted they still had questions about the agreement and were unable to clarify their issues. *Id.* The loan modification agreement was never agreed upon, signed, or executed. *Id.*

The facts here are analogous.  Plaintiff made three trial period payments to UHM, (FAC ¶ 24), was eventually offered a loan modification, (*id.* ¶ 42), Plaintiff had questions about the loan modification offered, (*id.* ¶ 43), and ultimately never agreed upon, signed, or executed the loan modification agreement, (*id.* ¶ 72).  Plaintiff's allegations are thus insufficient to state a claim for promissory estoppel under Nevada law. *See Lalli*, 2014 WL 334810, at *3 ("A failed negotiation is not a basis for promissory estoppel.  Because no agreement was reached on the loan modification, this cause of action must be dismissed."); *see also Duarte v. Wells Fargo Bank, N.A.*, No. 3:13-CV-00371-RCJ, 2013 WL 5236565, at *2 (D. Nev. Sept. 16, 2013) ("Insofar as Plaintiffs mean to imply a claim for promissory estoppel based upon Wells Fargo's continuation of foreclosure proceedings while negotiating a modification, Plaintiffs simply do not allege any promise by Wells Fargo to modify or forbear foreclosure but only ongoing negotiations."); *Gonzalez v. Bank of Am., N.A.*, No. 2:13-CV-00460-MMD, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (dismissing the plaintiff's "promissory estoppel claim based on her allegation that she reasonably relied on representations of the Defendant that a loan modification was under review and foreclosure would not occur.").  The Court dismisses this claim with prejudice because amendment would be futile.  Plaintiff merely alleges he had a promise to continue negotiating a loan modification, which is insufficient to state a claim for promissory estoppel as a matter of law and no facts would cure the deficiency.  The Court therefore GRANTS UHM's Motion to Dismiss this claim.

**E.  Quiet Title**

"A plea to quiet title does not require any particular elements, . . . each party must plead and prove his or her own claim to the property in question." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks omitted).  While the "burden of proof [in a quiet title action] rests with the plaintiff to prove good title in himself," *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996), *abrogated on other*

*grounds by Delgado v. Am. Family Ins. Grp.*, 217 P.3d 563, 567 (Nev. 2009), "a plaintiff's right to relief [ultimately] . . . depends on superiority of title," *W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1034 (Nev. 2018) (internal quotation marks omitted).

Plaintiff pleads a quiet title claim against the Servicing Defendants, (FAC ¶¶ 111–117), yet in response to the Servicing Defendants' Motion to Dismiss this claim, he states that he has not alleged a quiet title claim against them. (Resp. to Servicing Defts. 9:8–10). The Court construes Plaintiff's statement as an abandonment of the quiet title claim and further finds that Plaintiff concedes granting the Motion to Dismiss this claim under LR 7-2(d). Thus, the Servicing Defendants' Motions to Dismiss this claim are GRANTED and this claim is dismissed with prejudice.

**F. Injunctive & Declaratory Relief**

UHM moves to dismiss the injunctive relief claim pled against it. (UHM Mot. Dismiss, 16:1–2). The Servicing Defendants move to dismiss the claims for injunctive and declaratory relief pled against them. (Servicing Defts. Mot. Dismiss 15:2, 17:1–4, ECF No. 23). The Court first addresses Plaintiff's request for injunctive relief.

Plaintiff states in his Response that he "does not oppose dismissing the injunctive relief claim solely as to UHM given that UHM currently does not have an interest in the Loan or Property at issue." (Resp. to UHM 8:25–26). Plaintiff requests that the claim be dismissed without prejudice. (*Id.* 9:26–27). Plaintiff maintains his injunctive relief claim as alleged against the Servicing Defendants. (Resp. to Servicing Defts. 8:25–26). Injunctive relief is a remedy that may be available to a prevailing party, but it is not properly brought as a stand-alone claim. *See Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023) (explaining that declaratory and injunctive relief are "remedies" "not stand-alone claims" and "do not survive dismissal" of the underlying claim). Thus, because injunctive relief is not a stand-alone claim, the Court dismisses the "claim" with prejudice against all Defendants.

Further, because Plaintiff's underlying claims are dismissed with prejudice, Plaintiff cannot seek injunctive relief as a remedy because no claims remain in this action.

The Court now turns to address Plaintiff's declaratory relief claim. The Servicing Defendants move to dismiss this claim, arguing that it is duplicative. (Servicing Defts. Mot. Dismiss 17:1–4). Plaintiff responds that he does not allege a claim for declaratory relief, (Resp. to Servicing Defts. 9:7), but Plaintiff's seventh cause of action is one for "Declaratory Relief" against the Servicing Defendants. (FAC ¶ 118–120). The Court finds that Plaintiff therefore consents to the dismissal of this claim under LR 7-2(d). Moreover, "a 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat. Mortg. Ass'n*, No. 2-11-CV-00149 JAD, 2014 WL 584876, at *4 (D. Nev. Feb. 11, 2014), *aff'd sub nom. Pettit v. Fed. Nat'l Mortg. Ass'n*, 678 F. App'x 468 (9th Cir. 2017); *see* 28 U.S.C. §§ 2201, 2202; *see also Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court . . . It only permits the district court to adopt a specific remedy when jurisdiction exists.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950)). Accordingly, this claim is dismissed with prejudice. The Motions to Dismiss these claims are thus GRANTED.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that UHM's Motion to Dismiss, (ECF No. 14), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Servicing Defendants' Motion to Dismiss, (ECF No. 23), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 30), is **DENIED**.

///

**IT IS FURTHER ORDERED** that Plaintiff's clams are dismissed with prejudice.

The Clerk of Court is kindly directed to close the case.

**DATED** this __17__ day of July, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court